# Claybourne W. Hughes, plaintiff in error, *vs.* James C. McCutchen, defendant in error.

## *Error to Henry.*

Judgment cannot be rendered upon an immaterial issue.

This was an action of debt, brought by James C. McCutchen, against Matthew Spurlock and Claybourne W. Hughes, in the District Court of Henry county, on a note of which the following is a copy:

"On or before the fifteenth day of next April, we or either of us promise to pay or cause to be paid, unto James C. McCutchen, or order, the just sum of eight hundred dollars for value received of him this 3d January 1837.          "MATTHEW  SPURLOCK, [SEAL.]
                                        "C. W. HUGHES.          [SEAL."]

The declaration is in the usual form.   Defendants pleaded 1. *Non est factum*; 2. *Actio non*, because that after the signing of the note the said plaintiff, in consideration that said defendant, Hughes, would one month after the said 6th day of June, 1838, pay said plaintiff one half of the amount due on said note, the said plaintiff then and there promised and contracted to and with the said defendant to release him, the

said defendant, from any and all liability on the same.   Averment that payment was made accordingly.

3d plea to the same purport with an averment that plaintiff received half of the amount as a full satisfaction for the note.

4th. plea, the same to the second count.   The plaintiff replied and the defendants filed a special demurrer to the replication :

1. Because the replication tendered a double issue in this, that said McCutchen did not make the agreement.

2. That Hughes did not comply with the agreemont.

The defendant Hughes withdrew his plea of the general issue and a jury was empannelled on the issues joined, and the special pleas.   Verdict for the plaintiff for 350,09 debt and $33 25 damages.

The defendant then moved in arrest of judgment for the following reasons :

1. The issue found by the jury did not warrant the court in rendering judgment.

2. The issues tried were immaterial issues.

The motion in arrest was overruled and judgment upon the verdict awarded.

Defendant  Hughes, sued out his writ of error on said judgment and assigns for error :

1. That the court below erred in overruling the motion to arrest the judgment below.

2. The issues tried below are immaterial issues, and on which no judgment could be rendered by the court.

3. The court erred in overruling the defendants demurrer to the plaintiffs replication.

J. C. Hall, for plaintiff in error.

J. B. & G. W. Teas, for defendant in error.

By the Court, Mason, Cheif Justice.—The issues joined in this case were immaterial.   The promise by McCutchen to receieve a part of the debt for the whole if paid on or before a certain day, was without consideration, and therefore *nudum pactum*.   But if he actually received a portion of the debt, in *full satisfaction* for the whole, he would be thereby bound.   The material fact therefore presented as a defence by the second and third pleas, was the receipt of a part of the money in full satisfaction of the whole, and if so received, whether it was paid before or after the time previously agreed upon was immateri-

al. The issue joined on the question of time therefore determined nothing by which the court could render judgment, any more than though there had been no verdict at all.

It is contended that this defect cannot be reached in this manner, but that the parties would be bound by the verdict as a penalty for having gone to trial on an immaterial issue. Such a proposition is opposed to both reason and authority. The whole object of a jury trial, is to determine some fact which shall be decisive of the merits of the matter in controversy.

To render a judgment of an immaterial fact would be as absurd as to make it dependant upon the direction of the wind at the time. The authorities cited by the counsel for the plaintiff in error, in his argument in reply show that these views have been entertained and become the settled law of the courts.

Judgment reversed.